**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| **vs.** | * | **CRIMINAL NO. 09-00240-KD** |
| | * | |
| **MADELYN  ALOMA** | * | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S. C. 3142(f), a detention hearing was conducted on November 13, 2009. Based upon the evidence presented, the undersigned concludes that Defendant is to be detained pending trial.

### I.  Underlying Charges

Defendant Madelyn Aloma, along with Defendants Jose Noriega, Yzumy Rodriguez, Omar David Huezo, Juan Ramon Sabina, Alcides Sabina, and Juan Carlo Aloma have been charged in a three count indictment returned by the Grand Jury on October 29, 2009. The indictment charges that beginning on or about January 1, 2009, and continuing until the return of the indictment, Defendants conspired to unlawfully distribute and possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846. Additionally, it is alleged that Defendants, on October 9, 2009, unlawfully possessed with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)[1].

---

[1] The indictment also includes a forfeiture count.

At the detention hearing, the Government presented evidence that an anonymous telephone tip culminated in the search of four residences in North Mobile County on October 9, 2009. The first residence searched was 6562 Jib Road West, in Eight Mile, Alabama. The search of this residence yielded more than 100 marijuana plants, an elaborate electrical system, an extensive high tech lighting system and a firearm. 8500 Chutney Drive in Eight Mile, Alabama was the second residence which was searched. The search of a barn located at this address yielded more than 240 marijuana plants, an elaborate electrical system an extensive high tech lighting system and a firearm. The third residence which was searched was 5540 Kushla McLeod Road. This search yielded more than 150 marijuana plants, an elaborate electrical system, and an extensive high tech lighting system. No marijuana nor plants were located during the search of the fourth residence. The investigation following these searches lead to the instant indictment.

## II. Analysis

Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In drug cases, when the defendant faces a maximum of over ten years of imprisonment, such as the instant case, the Bail Reform Act

establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community[2]. See Id. "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." United States v. Allen, 891 F. Supp. 594, 597 (S.D. Fla. 1995). If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. See United States v. King, 849 F. 2d 485, 488 (11th Cir. 1988). On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is either a flight risk or a danger to the community.[3]

---

[2]The presumption arises upon probable cause that the defendant has committed a drug offense carrying a maximum penalty of over ten years imprisonment. See 18 U.S.C. § 3142(e). In the Eleventh Circuit, probable cause for § 3142(e) purposes is established by the return of an indictment against a defendant, charging him with an offense punishable by more than ten years imprisonment. See United States v. King, 849 F. 2d 485, 487- 88 (11th Cir. 1988). In this case, Count one of the Indictment charges conspiracy with intent to distribute marijuana, under 21 U.S.C. § 846 and carries a penalty of 5 to 40 years. Count two of the indictment charges possession with intent to distribute marijuana, under 21 U.S.C. § 841(a)(1) and carries a penalty of twenty years. Thus, probable cause for triggering §3142(e)'s presumption has been established.

[3]The United States is charged with different burdens of proof on the issues of risk of flight and danger to the community. The United States need only prove risk of flight by a preponderance of evidence, while it must prove that a defendant presents a danger to the community by clear and convincing evidence. See United States v. Quartermaine, 913 F. 2d 910, 915- 17 (11th Cir. 1990).

3

In weighing the evidence as to risk of flight and dangerousness, the Court must consider the factors listed in 18 U.S.C. § 3142(g).

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial sentencing, appeal, or completing of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id.

**A. Flight Risk**

Based on the evidence presented at the detention hearing, the undersigned finds that assuming *arguendo* that Defendant has

4

rebutted the presumption that she poses a serious risk of flight, the Government has established, by a preponderance of the evidence, that Defendant poses a serious flight risk and that there are no conditions that will reasonably assure her appearance at future proceedings. The evidence reflects that Defendant Madelyn Aloma has minimal contacts with this community. At the time of her arrest, Defendant had been living at the 5540 Kushla McLeod Road residence for five months with her husband and her minor child. Defendant reported that she is unemployed and that she has not worked for five years.

Defendant also reported that she was born in Cuba, that she is a legal resident of the United States, and that both of her parents and a sibling still reside in Cuba. Defendant further reported that she arrived in the United States in 1992, and since her arrival, she has resided in Miami, Florida, and Hialeah, Florida[4]. Additionally, Defendant presented evidence that her brother and sister in law, who reside in Hialeah, Florida, are willing to serve as third party custodians for her.

Assuming arguendo that Defendant has rebutted the presumption that she is a flight risk, the Government presented facts that support a finding of a flight risk even if the presumption had been rebutted. Specifically, the evidence against Defendant Aloma appears strong in that a search of the residence on October 9th

---

[4]Evidence was produced which reflects that Defendant also previously lived in Mobile during the 2000 time frame.

yielded over 150 marijuana plants, a sophisticated electrical system, and elaborate lighting system. The Government also presented evidence that on the day of the search, Defendant, her minor child, and her brother, Defendant Juan Alamo were present, that the rooms were unlocked and that the odor from the marijuana was so loud that it could be smelled from outside of the dwelling. Defendant faces a lengthy term of imprisonment if convicted, and she has significant ties outside of this country. Additionally, at the detention hearing, Defendant's adult daughter testified that Defendant is very submissive to her husband of twenty-two years, Alcides Sabina, and that she would likely do whatever he directed her to do. Alcides Sabina is a co-defendant in this action, and his current whereabouts are unknown. Accordingly, based on the evidence presented, the undersigned finds that the Government has presented evidence, independent of the presumption, sufficient to satisfy its burden of establishing that Defendant poses a serious flight risk and that there are no conditions that will reasonably assure her attendance at future proceedings.

## B.  Danger to the Community

With respect to the issue of dangerousness, the record is absolutely devoid of evidence countering the statutory presumption, aside from Defendant's lack of a lengthy criminal record[5].   The

---

[5]The Pretrial Services Report reflects that Defendant has a misdemeanor conviction dated December 1999 for Theft of Property 3rd in the Municipal Court of Mobile, Alabama.

lack of a prior criminal record, standing alone, is not sufficient to rebut the statutory presumption.  See United States v. Rivera, 90 F. Supp. 2d at 1343.   Moreover, given testimony that vast marijuana plants were being grown in Defendant's residence, that on the day of the search, the rooms were unlocked and the odor from the marijuana was so loud that it could be smelled from outside of the dwelling, that Defendant is very submissive to her husband, Alcides Sabina, a co-Defendant whose whereabouts are unknown, and that Defendant would likely do whatever her husband directed, the undersigned finds that even in the absence of the statutory presumption, there is strong evidence supporting the Government's position that Defendant represents a danger to the community, and that there are no conditions that would reasonably assure the safety of the community. Thus, Defendant is to be detained.

## III. Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an

7

appearance in connection with a court proceeding.

Done this **16th** day of **November, 2009.**

_____/s/ Sonja F. Bivins_____
**UNITED STATES MAGISTRATE JUDGE**