IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. 09-00240-KD |
| | ) | |
| MADELYN ALOMA | ) | |

## ORDER

This matter is before the Court upon the defendant's motion to vacate the Magistrate Judge's detention order of November 16, 2009. (Docs. 65 & 81).  In the order of detention, the Magistrate Judge found that defendant poses a serious risk of flight and that there were no other conditions which would reasonably ensure defendant's appearance at future court proceedings. (Doc. 65).  The Magistrate Judge further found that there was sufficient evidence that the defendant represents a danger to the community and that there are no conditions that would reasaonably assure the safety of the community such that detention is warranted.  (Id.).

Pursuant to the Local Rules for the Southern District of Alabama, the District Court reviews an order of detention *de novo*.  See LR 72.5(a)(3); see also United States v. Hurtado, 779 F. 2d 1467 (11th Cir. 1985).  The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial.  Section 3142(f)(1) of that act entitles the Government to move for detention if the defendant has been charged with one of the offenses enumerated in the Act which Congress has determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1), as in this case, there is a rebuttable presumption that no combination of conditions will reasonably assure the safety of any other person or the community.  See 18 U.S.C. § 3142(e). When considering pre-trial detention, the Court must decide whether there are

conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. See 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (3) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. See 18 U.S.C. § 3142(g). Further, the Court need not conduct a hearing unless factual issues remain unresolved or unless the Court deems additional evidence is necessary. United States v. King, 849 F.2d 485 (11th Cir. 1988).

The defendant argues that the Magistrate Judge: relied excessively on the presumption contained in Section 3142(e); erred in determining that the "record [wa]s devoid of evidence countering the statutory presumption" of danger to the community, "aside from the Defendant's lack of a lengthy criminal history"; and incorrectly assessed the defendant's flight risk.

The Court has conducted a *de novo* review of the pleadings, including the defendant's request that the Court order an investigation by pre-trial services into the suitability of third-party custodians (Doc. 54) and the letters submitted by the defendant verifying her employment several years ago (Doc. 124-1), as well as the order of detention from which defendant appeals (Doc. 65) and the taped recording of the detention hearing held before Judge Bivins on November 13, 2009. The undersigned concludes that the Magistrate Judge's factual findings are supported and her legal conclusions are correct.

Accordingly, pursuant to the authority of United States v. King, 849 F.2d 485 (11th Cir. 1988), the Court hereby **ADOPTS** the reasons as set forth in the Magistrate Judge's order of detention, **AFFIRMS** the Magistrate Judge's decision to detain the defendant pending trial, and

**DENIES** the defendant's request for a second evidentiary hearing.

**DONE** this **16th** day of **December**, 2006.

                                         s / Kristi K. DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**